IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :     CRIMINAL NO. 23 - 120 |
| v. | : |
| | : |
| MARC MUFFLEY | : |

### ORDER

AND NOW, this _____ day of August 2023, on the government's motion pursuant to Fed. R. Crim. Pro. 36 to correct the indictment, the Court finds good cause to correct the spelling of the defendant's first name, from Mark to Marc; accordingly, the government's motion is GRANTED, as follows:

The corrected indictment, as attached here, shall be entered on the docket. Future filings on the docket shall reflect the correct spelling.

BY THE COURT:

_____
**HONORABLE JOHN M. GALLAGHER**
Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 23 - 120 |
| v. : | |
| : | |
| MARC MUFFLEY : | |

**GOVERNMENT'S MOTION TO CORRECT INDICTMENT AND DOCKET**

The government, through its attorneys, Jacqueline C. Romero, United States Attorney, and Assistant United States Attorney Sherri Stephan, respectfully moves to correct the spelling of the defendant's first name in the indictment and docket.

**BACKGROUND**

1. On March 22, 2023, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging the defendant with Title 49, United States Code, Section 46505, which prohibits a person from placing, or attempting to place, or attempting to have placed, an explosive or incendiary device on an aircraft (Count One) and Title 18, United States Code, Section 844(g)(1), which prohibits a person from possessing an explosive in an airport that is subject to the regulatory authority of the Federal Aviation Administration (Count Two).

2. In the indictment and docket entries, the defendant's first name is spelled "Mark." The correct spelling of the defendant's first name is "Marc."

3. Rule 36 of the Federal Rules of Criminal Procedure provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." It is a "settled rule in the federal courts that an indictment may not be amended except

by resubmission to the grand jury, unless the change is merely a matter of form." *Russell v. United States,* 369 U.S. 749, 770 (1962). An amendment that is merely a matter of form is permissible in situations where the indictment is "sufficiently detailed that there could have been no confusion as to what the government alleged the defendants had done." *United States v. Nelson,* 852 F.2d 706, 715 (3d Cir. 1988); *see also United States v. Miller,* 116 F.3d 641, 669-70 (2d Cir. 1997) ("[T]he correction of merely technical errors, such as typographical or clerical mistakes, is permissible where it does not alter the essential substance of the charging terms."). In evaluating a correction to an indictment, "the precise inquiry is whether the change in the indictment is substantial or material, and not merely one of form." *United States v. Gross,* 511 F.2d 910, 916 (3d Cir. 1975).

4. The defendant's counsel, Timothy Wright, has no opposition to this motion.

5. A corrected indictment is submitted herewith as Attachment A.

## CONCLUSION

WHEREFORE, the government respectfully submits that its motion to correct the indictment and docket should be granted.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


*/s/ Sherri A. Stephan*
SHERRI A. STEPHAN
Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion was served by email and via ECF on counsel:

Timothy Wright, Esquire

*/s/ Sherri A. Stephan*
SHERRI A. STEPHAN
Assistant United States Attorney

Date: August 2, 2023